UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LLOYD BROWN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:05-CV-2-TS |
| ) | |
| OATESS E. ARCHEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Lloyd Brown, Jr., a *pro se* prisoner, filed a motion asking the Court to waive the filing fee or reopen this case [DE 13]. The essence of the Plaintiff's complaint is that he is having to pay for a case which was not adjudicated on the merits.

The Plaintiff is "three struck," indeed he is "six struck." That is, he has on six prior occasions filed lawsuits in this Court which were legally frivolous or did not state a claim for which relief could be granted. Because of his repeated abuse of the judicial process, 28 U.S.C. §1915(g) prohibits him from proceeding *in forma pauperis*.[1]

> Section 1915(g) singles out only a subset of prisoners—those who have established, by their own conduct, that they are among the abusers of the judicial system. Requiring persons who have abused the *forma pauperis* privilege in the past to [pre]pay in the future is a sensible and modest step.

*Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Pursuant to §1915(g), the Plaintiff was properly denied leave to proceed *in forma pauperis*. The Plaintiff did not prepay the filing fee and therefore this case was properly dismissed. The motion to reopen and address the merits of this case is meritless and must be denied.

---

[1] A prisoner who is three struck cannot proceed *in forma pauperis* unless he is under imminent danger of serious physical injury. An exception to the rule which the Court has already determined does not apply in this case.

The Plaintiff's complaint that he should not be made to pay the filing fee because *in forma pauperis* status was denied and the case dismissed is also without merit. Even though this case was dismissed, 28 U.S.C. § 1915(b)(1) requires that he pay the filing fee. *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) *overruled on other grounds* by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). "[I]f a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Plaintiff takes issue with the fact that the complaint in this case was "received" rather than "filed." But how the complaint was processed by the clerk is a ministerial act which has no bearing on the fact that he brought this civil action or his legal obligation to pay the filing fee as a result. The Plaintiff owes, and must pay, the $150 filing fee. The Motion to waive the filing fee is denied.

For the foregoing reasons, the Plaintiff's Motion [DE 13] is **DENIED**.

SO ORDERED on August 23, 2005.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT